(23 Misc. Rep. 503.)

HARDY et al. v. KNICKERBOCKER TRUST CO.

(Supreme Court, Special Term, New York County. May, 1898.)

PRACTICE—MOTION FOR PREFERENCE.
    Code Civ. Proc. § 793, providing that a party desiring a preference of any cause must serve on the opposite party, with his notice of trial, a notice that an application will be made to the court, at the opening thereof, for leave to move the same as a preferred cause, is not complied with where the notice of motion for the preference was served some 10 days after the notice of trial, though the latter notice stated that a preference was claimed on a specified ground.

Action by William J. Hardy and others against the Knickerbocker Trust Company as committee of the property of Mary A. Lucas, an incompetent person. Motion for an order of preference. Denied.

Hardy & Kennedy, for the motion.
Davies, Stone & Auerbach, opposed.

GILDERSLEEVE, J. This is a motion for a preference on the statutory ground that the sole defendant is the committee of a lunatic. See Code Civ. Proc. § 791, subd. 5. It is not claimed by the moving party here that there has been an exact compliance with the requirements of section 793 of the Code, which provides that a party desiring a preference of any cause shall serve upon the opposite party, with his notice of trial, a notice that an application will be made to the court, at the opening thereof, for leave to move the same as a preferred cause. The notice of trial in the case at bar was served on April 16th, while the notice of motion for the preference was served on April 29th. In the notice of trial, however, it is stated "that a preference is claimed herein under section 791, subd. 5, Code Civ. Proc., on the ground that the Knickerbocker Trust Co., as the committee of the property of Mary A. Lucas, an incompetent person, is the sole defendant herein." It is urged by the plaintiff that this statement in the notice of trial is a sufficient compliance with the provisions of the statute. I think this position untenable. In the case at bar the motion is not addressed to the discretion of the court, but made solely as a matter of right, under the terms of the statute; and in the case of Marks v. Murphy, 27 App. Div. 160, 50 N. Y. Supp. 622, the appellate division have held that, where a motion for a preference is made solely as a matter of right, under the terms of the statute, parties are held to strict practice. The motion must be denied for the reason that the plaintiff has not observed the strict practice required under the circumstances.

Motion denied.